# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL No.: JKB-22-cr-439 |
| DAVANTE HARRISON | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*


## MOTION TO PRECLUDE GOVERNMENT FROM INTRODUCING EVIDENCE AS SET OUT IN OVERT ACT 41

COMES NOW the Defendant, Davante Harrison, through undersigned counsel, William B. Purpura, hereby respectfully moves this Honorable Court to preclude the government from introducing evidence as set forth in Overt Act 41 of the above captioned Indictment[1] on the grounds that the facts are barred by the Double Jeopardy Clause of the Fifth Amendment, Fourth Amendment Due Process and Federal Rules of Evidence 401, 403 and in support states as follows:

## I.    FACTUAL BACKGROUND:

Based on the "speaking" Indictment, the government's theory of Harrison's criminal responsibility in the RICO (Enterprise) is twofold: First, between 2014 and 2018 Harrison contracted with BGF members to murder various individuals. The alleged principal "hit-man" is the lead defendant in the present Indictment, David Warren. This individual, whether based on fact or fiction, was regarded in the community and by law-enforcement as a violent offender. Second, between **2014 and 2016**, Harrison "partnered with a BGF member to supply heroin and

---

[1] (41)   On or about November 25, 2019, in the 10,300 block (sic) of Gelding Drive in Cockeysville, Maryland, HARRISON possessed with intent to distribute heroin and unlawfully possessed a loaded Glock 23.40 caliber handgun serial number WKE393.

cocaine to street-level drug 'shops' in Baltimore City," Overt Act 1[2] . On November 25, 2019,

Harrison possessed with intent to distribute heroin and possessed a firearm (Overt Act 41).

Harrison has been found guilty of this event by a jury, Case No.: CCB-19-0575 on August 20,

2021, and is presently serving a fifteen-year sentence. This incident is the subject of the present

motion.

## II.    PRIOR FEDERAL CONVICTION:

Davante Harrison and Christopher Jerry were charged in a seven-count Indictment (CCB-

19-0575) alleging Conspiracy to Distribute and Possess with Intent to Distribute Controlled

Dangerous Substances, 21 U.S.C. § 846 and Possession of a Firearm in Furtherance of a Drug

Trafficking Crime, 18 U.S.C. §924 (c) and related crimes. The conspiracy allegedly commenced

on or about **October 2019** continuing until on or about **November 2019**. On November 25,

2019, Harrison was stopped by Drug Task Force Officers (DTF). A handgun was seized from

Harrison and from a vehicle associated with Harrison a mixture of heroin and fentanyl was

seized. On the same date a warrant was executed at 111 W. Heath Street, Apartment 513,

Baltimore, Maryland a residence allegedly associated with co-defendant Christopher Jerry and

Harrison. The following items were seized: four containers containing approximately 657 grams

of a mixture of heroin and fentanyl, two handguns and a money counter. Co-defendant

Christopher Jerry entered a guilty plea to Count 7 of the Indictment, Possession of a firearm in

Furtherance of Drug Trafficking and was sentenced to 108 months. Harrison went to trial and

was convicted on all counts. He was sentenced on November 30, 2021, to a total term of 180

months.

The investigation involving both Indictments, CCB-19-0575 and JKB-22-439

---

[2] (1)    Between 2014 and 2016, HARRISON partnered with a BGF member to supply heroin
*and cocaine to street-level drug "shops" in Baltimore City.*

commenced on or about 2014 by the FBI, Baltimore Safe Street Task Force, providing a temporal overlap between the two conspiracies. The primary Task Force Officers in both Indictments are the same, Daniel S. DeLorenzo, and Joseph Landsman.  Both investigations were prosecuted side by side in the same United States Attorney's Office. By charging and convicting Harrison first in CCB-19-0575, the government has already met half its burden in the pending RICO prosecution.

**III ARGUMENT**:

I.      **The Protections of the Double Jeopardy Clause**

This basic premise underlying the American prohibition against double jeopardy can be traced from the Code of Hammurabi to England's common law. William Blackstone noted that "the plea of *auterfois acquit,* or a former acquittal, is grounded on this universal maxim of the common law of England, that no man is to be brought into jeopardy of his life more than once for the same offense." *United States v. Green*, 355 U. S. 184, 187 (1957) (quoting William Blackstone, 4 Commentaries*335).

The Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Supreme Court has emphasized the importance of protecting individuals not only from double punishment, but also from being twice subject to trial:

> [T]he guarantee against double jeopardy assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. It thus protects interests wholly unrelated to the propriety of any subsequent conviction…[E]ven if the accused is acquitted…he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit. Consequently, if a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before the subsequent exposure occurs.

*United States v. Smith*, 82 F.3d 1261, 1266 (3d Cir. 1996) (quoting *Abney v. United States*, 431

U.S. 651, 661-62 (1977)).

This Court should preclude the introduction of any and all weapon violations or

heroin/fentanyl possession/distribution which was the subject of the prior federal conviction. The

Fourth Circuit has found that the *Blockburger* test is not adequate to prevent successive

conspiracy prosecutions. To prevent successive conspiracy prosecutions the Fourth Circuit has

adopted a "totality of the circumstances" test and a burden shifting procedure.

Totality of circumstance test as noted in the Fourth Circuit Handbook 2021 Edition: "Under this

test the court is to consider five factors in assessing the validity of a double jeopardy claim

lodged against successive conspiracy charges: (1) the time periods covered by the alleged

conspiracies; (2) the places where the conspiracies are alleged to have occurred; (3) the persons

charged as co-conspirators; (4) the overt acts alleged to have been committed in furtherance of

the conspiracies, or any other description of the offenses charged which indicate the nature and

scope of the activities being prosecuted; and (5) the substantive statutes alleged to have been

violated." *Ragins*, 840 F.2d at 1188, citing *Iannelli v. United States*, 420 U.S. 770, 777 (1975).

*Accord Grady v. Corbin*, 495 U.S. 508, 515 (1990); *United States v. Jones*, 858 F.3d 221, 225

(4th Circuit 2017)…" Assuming that the "totality of the circumstance" test is met by showing that

the claim is not frivolous the burden shifts to the government. (see *United states v. Jones*, 858

F.3d at 225-26).

Multiple Circuits have developed a similar test. The Third Circuit has been clear that the

Double Jeopardy Clause prohibits the government "from splitting one conspiracy into several

prosecutions." *United States v. Baker*, 892 F.2d 265,268 (3dCir 1989); see also *United States v.

Young*, 503 F.2d 1072, 1075 (3d Cir.1974) ("a single conspiracy may not be subdivided

arbitrarily for the purposes of prosecutions").

Harrison acknowledges that he is charged with separate and distinct statutory violations in the instant Indictment from those with which he was charged in the first Indictment. Mr. Harrison nonetheless contends that a totality of the circumstance analysis must govern this Court's review of the merits of this motion, and not a Blockburger analysis. In the RICO Indictment the third predicate the government must prove is "that the defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts *Accord United States v. Mathis*, 932 F.3d 242, 258 (4th Cir.). Mr. Harrison has previously been convicted by the same U.S. Attorney's Office of the subject matter contained in Overt Act/predicate 42.

## 2.    Exclusion based on Federal Rules of Evidence 401, 403

An alternative basis for exclusion is failure to meet the minimum requirements for relevancy. Based on the "speaking indictment" and a review of all evidence produced to date, a nexus does not exist between the charged Racketeering Conspiracy and the actions alleged in Overt Act 41. The Racketeering Conspiracy Indictment alleges a relationship between Harrison and the BGF. The drug distribution portion of that relationship is set forth in Overt Act 1, wherein between 2014 and 2016 Harrison supplied heroin and cocaine to street-level BGF drug "shops". There is a complete failure of evidence to demonstrate a nexus between the activities surrounding November 25, 2019 (Overt Act 41) and the charged Racketeering conspiracy with BGF members alleging drug trafficking between 2014 through 2016. To be relevant (Federal Rules of Evidence, Rule 401), there must be a showing that the actions surrounding November 25, 2019, had some relationship to the BGF Racketeering Indictment.

**WHEREFORE,** it is respectfully requested that this Court grant defendant's motion to exclude the evidence or in the alternative delay admission until the government can demonstrate a nexus between the events of November 25, 2019 and the charged Racketeering Conspiracy.

<div style="margin-left:50%">

Respectfully submitted,


_____/s/_____
William B. Purpura, Esquire
Law office of Purpura & Purpura
8 E. Mulberry Street
Baltimore, Maryland 21202
Fed Bar No.: 00074
410.727.8550
wpurpura@purpuralaw.com
*Counsel for Defendant Davante Harrison*

</div>