IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIMINAL No.:  JKB-22-cr-439 |
| **DAVANTE HARRISON** | * | |
| **Defendant** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS TANGIBLE, DERIVATIVE EVIDENCE AND STATEMENTS PURSUANT TO FEDERAL RULE 12(b)(3)

COMES NOW the Defendant, Davante Harrison, through undersigned counsel, William B. Purpura, pursuant to 12(b)(3) of the Federal Rules of Criminal Procedure, and moves to suppress any evidence seized from a leather Dolce & Gabbana, "man bag", a Toyota Camry, and 111 W. Heath Street, Apt. 513, Baltimore; and any statements by the defendant, all occurring on September 25, 2019, in violation of the Fourth, Fifth and Sixth Amendments to the United States Constitution, and in support thereof, states as follows:

### BACKGROUND

The Defendant is charged, by way of Indictment, with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962 (d) (Count I). Five other individuals were also charged with participation in the conspiracy. The defendant's participation as alleged in the indictment was to supply members of the Black Guerilla Family ("BGF") with heroin and cocaine between 2014 and 2016 and that he engaged BGF members to commit the crime of murder. The defendant has previously been convicted in the United States District Court of Maryland, CCB-19-575 of Conspiracy to Distribute Controlled Dangerous Substances and Possession of a Firearm in a Drug Trafficking Crime and as a result is presently serving a 15-year sentence. The factual

1

predicate for this conviction is set forth in Overt Act 41 in the above captioned Indictment.[1] The search of the defendant's person, vehicle and residence are based on a search warrant issued on November 22, 2019, and executed on November 25, 2019.

## FACTUAL OVERVIEW

On November 25, 2019, investigators from the FBI Baltimore Safe Streets Task Force executed multiple searches pursuant to a warrant signed by Magistrate Judge Beth Gesner (Ex. 1). "Target location 1" was an apartment allegedly occupied or used by the defendant and Christopher Jerry. The subject apartment was located at 111 W. Heath Street, # 513. Once agents gained entrance into the apartment, the sole occupant Christopher Jerry was found and arrested. Inside the apartment agents seized two handguns, ammunition, drug paraphernalia and a substantial amount of suspected heroin.

On the same date, Task Force Officers responded to the area of 10310 Gelding Drive Cockeysville, Maryland. Investigators were alerted to the address by both location data on a rental vehicle believed to be driven by Harrison and geolocation pings from his cell phone. Their sole lawful purpose of stopping Harrison was to execute a warrant to search his **person.**

When Harrison exited 10310 Gelding Drive at approximately 1:40 p.m., he was stopped and "detained" by six Task Force Officers. He was immediately handcuffed with his arms behind his back. Once handcuffed the warrant to search his person was executed. The facts of the stop and search were articulated by TFO Delorenzo and TFO Detective Neptune, at a motion hearing on July 7, 2021, in case number CCB-19-0575. When questioned by AUSA Christine Goo, TFO Delorenzo testified that: "*On his actual person (Harrison) we located a cellphone and a set of keys* (Ex. 2, p.13 line 17). TFO Detective Neptune's observations and actions in the execution of

---

[1] "On or about November 25, 2019, in the 2500 block of Gelding Drive in Cockeysville, Maryland, HARRISON possessed with intent to distribute heroin and unlawfully possessed a

the search warrant to search the person of Harrison are as follows: *"I remember (him) having, like a white hoody and a –like a fanny pack, man bag, satchel-type thing" (*Ex.2, p.36, line 2*). I didn't search his person. I helped remove the bag. When I pulled up, he was already cuffed, his hands were cuffed behind him. The bag was over his shoulder, so I went up and unclipped the bag and took it off of him" (*Ex. 2, p. 36 line 15*).*

After the bag was opened and searched by TFO Neptune, Harrison was "officially" placed under arrest. Inside the bag was found approximately $10,000 in currency and a handgun. *"Once we located the firearm, he was under arrest"* (Ex. 2, p. 37, line 13).

Once the bag was searched and the contents revealed, Harrison allegedly made several incriminating statements.

After the seizure of the firearm, law enforcement conducted a warrantless search of the Toyota Camry rental vehicle associated with Harrison. As a result of the search of the vehicle, 8.5 grams of white powder and 2.1 grams of grayish-brown powder were seized and analyzed and found to contain a mixture of Fentanyl and Heroin. Harrison denies giving law enforcement consent to search the vehicle. Even assuming consent was given, it was the product of an illegal arrest and detention of Harrison by law enforcement.

## LEGAL ARGUEMENT

A.   Search/Seizure of Dolce & Gabbana "man bag"

Law enforcement had exceeded the scope of authority authorized in the search warrant when they seized and searched the "man bag" which was strapped over the shoulder of Harrison. The last clause of the Fourth Amendment contains the "particularity requirement." Specifying that two matters must be "particularly described in the warrant: "the place to be searched" and

---

loaded Glock 23.40 caliber handgun bearing serial number WKE393."

3

"the person or things to be seized." See *United States v. Grubbs*, 547 U. S. 90, 97. The "particularity requirement" *Andresen v. Maryland*, 427 U.S. 463 (1976), requires the search warrant describe the place to be searched and the items to be seized. The plain language in the search and seizure warrant authorized for the search of the "person" of Davante Harrison. Attachment B-1 to the warrant contains a photograph of the person to be searched, Davante Harrison. The person of Harrison was searched and a cell phone and set of keys were properly seized. When TFO Neptune seized the "man bag" from a handcuffed Davante Harrison and unzipped the bag and searched the contents, these actions exceeded the scope of the warrant.

B.   Search of Toyota Camry

Subject to a few exceptions, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable." *Katz v. United States*, 389 U.S. 347 (1967). The exception relied upon by the government in this instance is a consensual search. Valid consent is a well-recognized exception to the general warrant requirement. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).

This exception fails on two grounds: Davante Harrison did not give consent to search the Toyota Camry and even if consent was given, it was the product of the illegal search and seizure of the bag containing a handgun. *Florida v. Royer,* 460 U.S. 491, at 507-508.

C.   Statements

The Due Process Clause requires that any statement given to law enforcement be voluntary. *Shneckloth v. Bustamonte*, 412 U.S. 218 (1973). The burden is on the government seeking to introduce the statement to prove by a preponderance of the evidence that the statement was given voluntarily. A challenge to the voluntariness of an admission requires this court "to determine

whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the constitution[.]" *Miller v. Fenton*, 474 U.S. 104,122(1985).

Any statements, admissions or confessions allegedly made by Harrison were obtained in violation of Harrison's privilege against self-incrimination and right to counsel as guaranteed by the Fifth, and Sixth Amendments to the United States Constitution.

Any statements, admissions or confessions were the product of the illegal search of the bag which was seized from Harrison's shoulder and subsequently searched without a warrant.

D.  Warrant/Search of 111 Heath Street, Apartment 513, Baltimore/the person of Davante Harrison

The Affidavit in Support of the Warrant demonstrates that law enforcements' reliance on the search warrant was not reasonable for the following reasons: 1) The Magistrate Judge was misled by information in an affidavit that the officers knew was false and would have known was false except for the officers' reckless disregard for the truth; 2) The warrant was based upon an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.  *United States v. Hyppolite,* 65 F. 3d 1151, 1156 (4th Cir. 1965*); United States v. Leon,* 468 U.S. 897 (1984).

The basis for probable cause was misleading, and slanted opinions were created without a basis. The information relating to the alleged criminal activity of the defendant comes from a conclusory statement from "CS-1". "Harrison, known to him as 'YGG Tay', as a cocaine supplier to individuals in Baltimore since as early as 2007." The corroboration is that the defendant is a "rap music artist" and has created music "about factual events" involving selling

5

drugs and crimes of violence. This statement is accurate in that "Gangsta rap" depicts drug sales and violence of urban ghetto life in America, but it fails to enhance the credibility of CS-1.

The affidavit goes on to describe the alleged criminal activities of others who are associated with Harrison through music and using the YGG (Young Go Getters) title that Harrison marked through his rap music but fails to connect Harrison to any of this activity. Again, relying solely upon the affiant's conclusion without a factual basis.

**CONCLUSION**

That for the above reasons and for such other and further reasons that may become apparent at a hearing on this Motion, Davante Harrison prays for the requested relief. That the Court suppress any money, drugs, guns, statements and or other evidence seized as a result of the above-referenced searches.

Respectfully submitted,

_____/s/_____
William B. Purpura, Esquire
Law office of Purpura & Purpura
8 E. Mulberry Street
Baltimore, Maryland 21202
Fed Bar No.: 00074
410.727.8550
wpurpura@purpuralaw.com
*Counsel for Defendant Davante Harrison*

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on this Motion.

                                                   _____/s/_____
                                                    William B. Purpura